**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

NORTH AMERICAN COMPANY FOR LIFE          :
AND HEALTH INSURANCE,                     :
                                          : NO.
               Plaintiff,                    :
                                          :
     V.                               :
                                          :
BRITNEI COWAN,                            :
                                          :
               Defendant.                    :

## COMPLAINT

North American Company for Life and Health Insurance ("North American" or the "Company"), by its undersigned attorneys, as and for its Complaint against Britnei Cowan ("Cowan"), alleges as follows:

### NATURE OF THE LAWSUIT

1.     North American brings this action to obtain a judicial declaration (a) confirming that a $1,000,000 life insurance policy issued to Cowan was void *ab initio* due to the failure of a contractual condition precedent essential to form a valid contract of insurance; and (b) confirming, in the alternative, that the subject life insurance policy is void and subject to rescission as a result of material misrepresentation in the application.

2.     North American discovered that the subject life insurance was the product of material misrepresentation during the course of a post-issuance review and audit. Cowan has ignored North American's efforts to obtain her acknowledgement of and consent to the invalidity of the contract and the rescission of the policy, necessitating the filing of this lawsuit.

3.     Cowan completed an online life insurance application on April 8, 2021, submitting her application to North American and paying the first premium that same date. Based on Cowan's

representations in the application and the underwriting standards programmed into the online application facility, North American issued the policy – and Cowan accepted delivery of the contract and the attached application attached– that same date. North American never would have issued the policy on the same terms and conditions, or under the same underwriting rating classification, if the required, accurate disclosure had been made by the applicant in response to the direct questions posed to her, nor was the applicant in the state of health described in the application (an express condition precedent to the formation of a contract).

4.      Because Cowan has forced North American to seek judicial assistance and confirmation of the rescission resulting from the intentional material misrepresentation in the application, failing and refusing to acknowledge and consent to the rescission voluntarily, an equitable order for rescission should impose the fees and costs incurred by North American resulting from this conduct, as necessary to place the parties in the same position they would have enjoyed if there had been no fraudulently induced contract.

5.      Because Cowan listed her estate as the putative beneficiary under the policy, no putative beneficiary has been named as a defendant in this action.

## PARTIES, JURISDICTION, AND VENUE

6.      North American is an Iowa corporation with its principal place of business located in West Des Moines, Iowa, and is a citizen of the State of Iowa. North American has at all times material to this action been licensed and authorized to conduct insurance operations in the State of Indiana and within this judicial district.

7.      Cowan is and was at all times material to this action an individual adult citizen of the State of Indiana, and based on the information supplied to North American by Cowan, resides in Lowell, Indiana, located within the Northern District of Indiana.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy exceeds $75,000, exclusive of interest and costs, because this action seeks the rescission and the declaration of the invalidity of a $1,000,000 life insurance policy.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Cowan resides in this judicial district and because a substantial part of the events or omissions giving rise to North American's claims occurred in this district, including, without limitation, Cowan's completion of the subject life insurance policy application while residing in this district and her acceptance of the delivery of the written contract of insurance while residing in this district.

## FACTUAL ALLEGATIONS

10.     North American has contracted with Bestow Agency, LLC, a company providing an automated online application portal to process North American applications for life insurance.

11.     The Bestow online portal employs automated underwriting to allow North American to determine automatically whether and on what terms to issue the requested life insurance coverage, based on applying the North American underwriting standards that are programmed into the online application facility to the facts and representations that have been provided by the applicant.

12.     On April 8, 2021, Cowan completed, electronically signed, and submitted the application and paid the first premium, and in so doing acknowledged and agreed that she had reviewed her application and that her statements and answers were complete and true to the best of her knowledge and belief.

13.     On April 8, 2021, following Cowan's completion, electronic signing, and submission of the application and her payment of the first premium, North American issued and electronically delivered the life insurance policy to Cowan, bearing policy number LB-----880 ("Policy '880). Cowan is the named insured and owner of Policy '880. Cowan acknowledged receipt of the written contract of insurance on April 8, 2021, including a complete copy of the application, made a part of the contract, that Cowan had completed, electronically signed, and submitted to North American.

14.     Cowan agreed to a contractual condition precedent for any valid contract to issue and for any coverage to become effective, as set forth in the "Effective Date" clause in the application:

> Any insurance issued as a result of this application will not take effect until the first full premium is paid and the contract is delivered to and accepted by the Owner during the lifetime of any person proposed for insurance and *while such person is in the* financial condition and *state of health described in all parts of this application* (emphasis supplied).

15.     In response to Question 2 in the application, Cowan represented to North American that she had not used cigarettes, E-cigarettes, pipes, vapor products, snuff, chewing tobacco, nicotine gum or nicotine patches in the 12 months prior to submitting her April 8, 2021 application.

16.     North American reasonably and justifiably relied upon the truth and accuracy of Cowan's answers and representations in her policy application, including, without limitation, Cowan's response to Question 2, in deciding whether and on what terms to accept and approve Cowan's application for life insurance coverage.

17.     After issuing Policy '880 to Cowan, North American discovered during the course of a post-issue quality control audit that the condition precedent set forth in the Effective Date clause had not been satisfied, and that Policy '880 was the product of Cowan's material misrepresentation and concealment of her tobacco use.

18.     Based on a review of medical records obtained by the company during the course of its audit, North American discovered that Cowan had been smoking nearly a third of a pack of cigarettes on a daily basis during the 12 months prior to submitting her April 8, 2021 application.

19.     When North American sent a letter to Cowan advising that the company had discovered her misrepresentation and inviting Cowan to come forward with contrary evidence, Cowan failed to respond to the letter or otherwise come forward with exculpatory information. Subsequent follow-up efforts to communicate with Cowan have been unsuccessful and wholly ignored by Cowan. The written communications to Cowan were sent to the email address and mailing address of record provided by Cowan in the application, without being returned as undeliverable, and a letter was personally served on her, demonstrating Cowan's receipt of these communications and willful refusal to respond as necessary to avoid this litigation.

20.     On April 8, 2021, when she submitted her policy application, Cowan was not in the state of health described in her application. Contrary to the portrayal of Cowan and her state of health contained in the application for insurance, Cowan was instead an individual smoking almost a third of a pack of cigarettes a day during the twelve months prior to the application, burdened by the attendant physical, medical and health consequences of the regular use of nicotine.

21.     Cowan also knowingly and falsely denied that she had been using cigarettes or other tobacco products during the twelve-month period preceding her April 8, 2021 application.

22. Because of her daily cigarette usage during the twelve-month period prior to the application, Cowan was acutely aware when she completed the application that her denial that she had smoked cigarettes during the preceding twelve months was patently false.

23. North American never would have issued the requested life insurance coverage on the same terms and conditions, nor in the same underwriting class as issued, if Cowan had disclosed her cigarette use.

24. By misrepresenting and concealing her smoking habits, Cowan induced North American to approve the requested coverage on false pretenses. Accordingly, Cowan's misrepresentation and concealment of her smoking habits was material to North American's decision on whether and on what terms to approve Cowan's application for coverage.

25. On or about March 23, 2023, North American, through counsel, mailed and emailed a letter to Cowan advising her of North American's discovery of her material misrepresentation, and requested Cowan's consent to the agreement of the rescission of the policy to avoid the costs of this litigation. This letter was also personally served on Cowan on March 24, 2023.

26. In this letter, North American also informed Cowan that if she believed North American's stated factual basis for rescission was inaccurate, she had the opportunity to provide North American with facts and documents supporting her contention. North American also advised Cowan that she should not pay any further premiums on the policy unless she intended to challenge the factual grounds for rescission.

27. In the March 23, 2023 letter, North American also tendered a refund all of the premiums Cowan had paid for the fraudulently induced coverage, plus interest, in furtherance of the rescission of the policy. Cowan failed to respond to this letter, thereby rejecting North American's tender of the premium refund and the company's demand for her consent to the

rescission, and subsequent efforts to communicate with Cowan have been ignored by her. North American hereby resubmits its tender of the premium refund and will deposit the premium refund (plus interest) with the clerk of courts in accordance with the terms to be set by this Court.

28.     Based on the deliberate misrepresentation already discovered by North American, it is reasonable to be concerned there are additional misrepresentations and omissions in the application affecting the risks that North American unwittingly assumed, potentially providing additional, independent bases to rescind Policy '880.  In the event such additional grounds are identified during discovery, those facts provide additional bases for the rescission of Policy '880.

29.     Accordingly, North American seeks a declaration that the policy never went into effect due to the failure of the contractual condition precedent in the Effective Date clause, and alternatively, a declaration confirming the rescission of the policy on the grounds of Cowan's material misrepresentation of her cigarette use.

30.     North American further requests that the Court's declaratory judgment include such other and additional relief as is equitable under the circumstances, including, without limitation, an award of actual attorneys' fees and costs that have been and will continue to be unnecessarily incurred as a result of Cowan's misrepresentation and her failure to consent to the rescission of her fraudulently obtained policy, in an amount to be determined by this Court after an adjudication of North American's claims for declaratory relief. North American requests a setoff against the release of the premiums and interest deposited with the clerk of courts based on any attorneys' fee award that might be entered in North American's favor.

## COUNT I
## DECLARATORY JUDGMENT

## (FAILURE OF CONDITION PRECEDENT)

31.     North American incorporates by reference all preceding paragraphs in this Complaint.

32.     Pursuant to 28 U.S.C. § 2201(a), North American seeks a judicial declaration that Policy '880 never went into effect due to the failure of a condition precedent.

33.     Cowan agreed when she submitted her application that no insurance would take effect unless and until the full first premium was paid and the contract was delivered to and accepted by Cowan while she was in the state of health described in the application.

34.     Cowan was not in the state of health described in her application at that time, however, as the application described an applicant and proposed insured who was free of the physical, medical, and health consequences of the use of nicotine, whereas Cowan was a regular smoker burdened by its attendant consequences.

35.     Based on the failure of this condition precedent, no valid contract of insurance between North American and Cowan ever went into effect, and Policy '880 is of no legal force or effect.

36.     North American has no adequate remedy at law.

37.     Pursuant to 28 U.S.C. § 2201(a), North American is entitled to and seeks a declaratory judgment confirming that the policy is not now and never was in effect due to the failure of a contractual condition precedent.

38.     North American requests that the Court's judgment reflect such other and additional relief as is equitable under the circumstances, including without limitation, an award of actual attorneys' fees, investigation and litigation expenses, in an amount to be determined by this Court

8

after an adjudication of North American's claim for declaratory relief, and awarding all other costs

incurred as a result of Cowan's misrepresentation and her failure to consent to the rescission of the

fraudulently obtained policy.

**COUNT II**
**DECLARATORY JUDGMENT**

**(RESCISSION)**

39.    North American incorporates by reference all preceding paragraphs in this

Complaint.

40.    Pursuant to 28 U.S.C. § 2201(a), and in the alternative to the relief sought in Count

I of the Complaint, North American also seeks a judicial declaration rescinding Policy '880.

41.    When Cowan submitted her life insurance application on April 8, 2021, she

represented that in the past twelve months, she had not used cigarettes, E-cigarettes, pipes, vapor

products, snuff, chewing tobacco, nicotine gum or nicotine patches. This representation was

patently false.

42.    Cowan's misrepresentation was material to North American's determination of

whether and on what terms and conditions to issue the requested life insurance protection to

Cowan. North American never would have issued the requested life insurance coverage on the

same terms and conditions, nor in the same underwriting classification, if Cowan had disclosed

her cigarette use as required by the application.

43.    Cowan intentionally made this material misrepresentation with knowledge of its

falsity and with no reasonable basis to believe the representation was true.

44.    North American reasonably and justifiably relied upon the truth and accuracy of

Cowan's answers and representations in her policy application, including, without limitation, her

response to Question 2 in the application.

45.     Because North American has filed this action with two years of the April 8, 2021 issuance of Policy '880, the material misrepresentation and omission gives rise to the right of rescission without the necessity of proving Cowan's subjective intent to deceive, though such an inference is compelled by these facts.

46.     Prior to seeking judicial intervention to confirm the rescission of Cowan's policy, North American offered to restore Cowan to her pre-application, pre-issuance position by tendering a refund of all premiums she had paid on the policy, plus interest, in furtherance of the rescission.

47.     North American hereby resubmits its tender of the premium refund (with interest), and will deposit the premium refund (plus interest) with the clerk of courts in accordance with the terms to be set by this Court in response to a forthcoming motion by North American.

48.     North American has no adequate remedy at law.

49.     Pursuant to 28 U.S.C. § 2201(a), North American is entitled to a declaratory judgment that Cowan's knowing and material misrepresentation warrants and justifies the rescission of the policy, and that the policy must be rescinded.

50.     North American requests that the Court's judgment reflect such other an additional relief as is equitable under the circumstances, including, without limitation, an award of actual attorneys' fees, investigation and litigation expenses, in an amount to be determined by this Court after an adjudication of North American's claim for declaratory relief, and awarding all other costs incurred as a result of Cowan's misrepresentation and her failure to consent to the rescission of the fraudulently obtained policy.

### RELIEF REQUESTED

WHEREFORE, North American respectfully requests judgment as follows:

A.      A judicial declaration pursuant to Count I, confirming that no valid contract of insurance ever went into effect and that no coverage ever became effective between North American and Cowan due to a failure of a contractual condition precedent, such that no rights, entitlements, or benefits are available to Cowan or payable to any putative beneficiary under Policy '880;

B.      A judicial declaration of rescission pursuant to Count II, declaring that Policy '880 is rescinded and void, extinguishing all rights, entitlements, and benefits that would have been available to Cowan or otherwise payable to any putative beneficiary;

C.      Pursuant to Counts I and II, an award of North American's reasonable costs and litigation expenses, including attorneys' fees, incurred as a result of Cowan's misrepresentation and concealment of her tobacco usage, and as a result of her subsequent, unreasonable refusal to consent to rescission, including those costs, expenses, and fees incurred during North American's investigation, during its pre-litigation efforts to secure Cowan's consent to the rescission, and in pursuing this action for declaratory relief against Cowan, in an amount to be determined by this Court after an adjudication of the parties' claims and defenses on the merits; and

D.      Any other or further relief that the court deems equitable, just, and proper.

## JURY DEMAND

North American demands a jury trial on all issues so triable by law.

Dated: April 3, 2023                         MANDEL RAUCH & LAMMERS, P.C.


_____
Derek Mandel
Indiana Bar No. 13829-49
704 Adams Street, Suite F
Carmel, IN  46032
Telephone: 317-848-7000
Facsimile: 317-848-6197
Email: dmandel@mhmrlaw.com


*Attorney for Plaintiff North American Company*
*for Life and Health Insurance*

29085309.2