UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR<br>LIFE AND HEALTH INSURANCE,<br><br>    Plaintiff,<br><br>    v.<br><br>BRITNEI COWAN,<br><br>    Defendant. | CAUSE NO. 2:23-CV-00116-CCB-AZ |

OPINION AND ORDER

North American Company for Life and Health Insurance ("North American") filed this diversity action against Defendant Britnei Cowan for fraudulently inducing North American to issue a life insurance policy and failing to satisfy a condition precedent for said policy. [DE 1]. Britnei Cowan failed to answer, even after the Court warned Cowan of her need to answer. [DE 3]. An entry of default has been made under Fed. R. Civ. P. 55(a) [DE 8], and North American now brings a motion for default judgment against Britnei Cowan under Fed. R. Civ. P. 55(b)(2) [DE 9]. Through its motion, North American seeks declaratory relief stating that the policy was void *ab initio* or, in the alternative, is rescinded.

STANDARD

The Court has discretion in granting a motion for default judgment. *See Trade Well Int'l v. United Cent. Bank,* 825 F.3d 854, 860 (7th Cir. 2016). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the [C]ourt" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003). Upon an entry of default, "the well-pleaded allegations of a complaint relating to liability are

taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). For allegations to be well-pleaded, they "must be enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012). An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits. *Domanus v. Lewicki,* 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement,* 722 F.2d at 1323).

## DISCUSSION

North American alleges that Cowan failed to satisfy a condition precedent of her life insurance policy regarding her state of health. Under Indiana law, "a condition precedent is either a condition which must be performed before the agreement of the parties becomes binding, or a condition which must be fulfilled before the duty to perform an existing contract arises." *Barrington Mgmt. Co. v. Paul E. Draper Family Ltd. P'ship,* 695 N.E.2d 135, 141 (Ind. Ct. App. 1998). North American's complaint states that Cowan's policy contained a condition precedent mandating that "any insurance issued as a result of this application will not take effect until … the contract is … accepted by the Owner … while such person is in the … state of health described in all parts of this application." [DE 1 at 4]. North American alleges that Cowan, in her life insurance application, stated she had not consumed any tobacco products in the 12 months prior to submitting her application. [*Id.*]. According to North American, an audit of the policy revealed that in fact, Cowan smoked daily in the months prior to submitting her application. [*Id.* at 5]. Accepting these allegations as well-pleaded and true, they establish that Cowan was not in the state of health described in her application. As such, Cowan failed to meet a condition precedent necessary to

2

make the policy binding.  *See Barrington Mgmt.*, 695 N.E.2d at 141.  Therefore, the life insurance policy at issue is void *ab initio*.

North American also alleges that Cowan materially misrepresented her state of health on her life insurance application, which, if true, would make the policy rescissible even if it were not void. Under Indiana law, "a material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable." *Colonial Penn Ins. Co. v. Guzorek,* 690 N.E.2d 664, 672 (Ind. 1997).  "A misrepresentation or omission is 'material' if knowledge of the truth would have caused the insurer to refuse the risk or to charge a higher premium for accepting the risk." *Id.* (citation omitted).  North American alleges that it relied upon the truth of Cowan's statements in her application when determining the terms of her policy.  [DE 1 at 4].  North American further alleges that had it known of Cowan's smoking habits, it "never would have issued the requested life insurance coverage on the same terms and conditions, nor in the same underwriting class as issued." [*Id.* at 6].  Accepting these and prior allegations as well-pleaded and true, Cowan misrepresented a material fact to North American and North American relied on this fact in issuing the life insurance policy.  Therefore, Cowan's misrepresentation rendered the policy at issue rescissible.  *See Colonial Penn*, 690 N.E.2d at 672.

An evidentiary hearing is not necessary.  North American, in its motion for default judgment, has only asked for declaratory relief, which can be granted without a hearing.  *See, e.g., Trs. of the Dist. Council Co. 14 Metal Polishers 401k Ret. Plan Fund v. Lawnicki,* No. 18-cv-03077, 2021 WL 5033466, at *2 (C.D. Ill. Feb. 2, 2021).  North American did also ask for attorneys' fees in its complaint [DE 1 at 11], which would have required a hearing.  *See Dundee Cement,* 722 F.2d at 1323. However, Fed. R. Civ. P. 54(c) states that "a judgment by default shall not be different in kind, or exceed in amount, what is demanded in the pleadings," which is understood to mean that "the relief available on default [should be] 'within the fair scope of the allegations of the complaint.'" *Compton*

3

*v. Alton S.S. Co.,* 608 F.2d 96, 104 n.16 (4th Cir. 1979) (collecting cases). Awarding only declaratory relief, as prayed for in North American's motion for default judgment, would be within the scope of its complaint as North American's complaint asked for both declaratory relief and attorneys' fees. Therefore, declaratory relief can be awarded without any hearing.

Accordingly, the Court **GRANTS** North American's motion for default judgment [DE 9] against Britnei Cowan. The Court **DIRECTS** the Clerk to enter FINAL JUDGMENT in North American's favor declaring the following:

> The life insurance policy issued by North American as policy number LB42098880 was void *ab initio*. Neither Britnei Cowan, nor any putative beneficiary or other person has any other rights in interest in Policy LB 42098880, including, without limitation, the potential right to death benefits that would be payable upon the death of an insured under an enforceable, in-force insurance contract.

SO ORDERED.

August 12, 2024

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT